■ In the Matter of the Arbitration between JAMES M. HEILMAN, Appellant, and ANTHONY J. CASELLA, Respondent.— Judgment, Supreme Court, New York County (Diane A. Lebedeff, J.), entered September 17, 1991, denying petitioner's application to vacate an arbitration award, and confirming the award, unanimously affirmed, without costs.

The question of the legality of the parties' agreement was properly before the arbitrator who had a sound basis for finding that the agreement was one to sell a law practice and was violative of the ethical prohibition against dividing fees (Code of Professional Responsibility DR 2-107 [22 NYCRR 1200.12]). It is only where an arbitrator seeks to enforce a contract that is against public policy or otherwise illegal that a court will interfere with the arbitrator's powers *(Matter of Port Wash. Union Free School Dist. v Port Wash. Teachers Assn.,* 45 NY2d 411, 417-418; *Matter of Peckerman v D & D Assocs.,* 165 AD2d 289, 296).

Nor did respondent's commencement of a declaratory judgment action in which he argued that the question of illegality should be decided by the courts and not the arbitrator constitute a waiver of his right to assert illegality before the arbitrator. Concur—Murphy, P. J., Wallach, Ross, Asch and Rubin, JJ.